# Exhibit B



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess  Logoff ROBERTHURTT

**20SL-CC04599 - THOMAS J KLUTHO V JK POWERHOUSE LLC, ETAL (E-CASE)**

| FV | File View | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending    Display Options: All Entries

---

**12/04/2020**  ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-10812, for JIM BUTLER IMPORTS, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-10809, for SOWERS, BRAD M.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**12/02/2020**  ☐ **Order Granting Ext of Time**
THE COURT HEREBY GRANTS DEFENDANTS REQUEST FOR AN EXTENSION OF TIME UP TO AND INCLUDING DECEMBER 6, 2020 IN WHICH TO FILE ITS RESPONSIVE PLEADING(S). SO ORDERED: JUDGE JOSEPH L. WALSH III
Associated Entries: 11/06/2020 - **Motion for Extension of Time**

☐ **Order Granting Ext of Time**
THE COURT HEREBY GRANTS THE AGREED UPON MOTION FOR EXTENSION OF TIME FOR PLAINTIFF TO FILE A RESPONSIVE PLEADING OR OTHER RESPOND UP TO AND INCLUDING JANUARY 6, 2021. SO ORDERED: JUDGE JOSEPH L. WALSH III
Associated Entries: 11/25/2020 - **Motion for Extension of Time**

**11/30/2020**  ☐ **Amended Motion/Petition Filed**
Plaintiffs First Amended Class-Action Petition; Electronic Filing Certificate of Service.
On Behalf Of: THOMAS J KLUTHO JR

**11/25/2020**  ☐ **Entry of Appearance Filed**
Entry of Appearance of Robert J Hurtt Jr on behalf of Defendant JK Powerhouse LLC; Electronic Filing Certificate of Service.
Filed By: ROBERT JACOB HURTT
On Behalf Of: JK POWERHOUSE LLC

☐ **Motion for Extension of Time**
Filed By: GLENNON PATRICK FOGARTY
On Behalf Of: JK POWERHOUSE LLC
Associated Entries: 12/02/2020 - **Order Granting Ext of Time**

☐ **Entry of Appearance Filed**
Entry of Appearance on behalf of Defendant JK Powerhouse LLC by Glennon Fogarty and Husch Blackwell; Electronic Filing Certificate of Service.
Filed By: GLENNON PATRICK FOGARTY

**11/20/2020**  ☐ **Order Granting Leave**
LEAVE TO FILE FIRST AMENDED CLASS-ACTION PETITION GRANTED BY CONSENT SO ORDERED: JUDGE JOSEPH L. WALSH III
Associated Entries: 10/16/2020 - **Request Filed**

**11/06/2020**  ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
Filed By: RYAN OCONNOR CORRIGAN
On Behalf Of: JK POWERHOUSE LLC

☐ **Motion for Extension of Time**
Filed By: BRIAN EDWARD MCGOVERN

**On Behalf Of:** JK POWERHOUSE LLC
**Associated Entries:** 12/02/2020 - **Order Granting Ext of Time** ⊞

☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** BRIAN EDWARD MCGOVERN

10/16/2020  ☐ **Request Filed**

Plaintiffs Request to File First Amended Petition and Add Three Defendants; First Amended Class-Action Petition.
**Filed By:** EARL ROBERT SCHULTZ III
**On Behalf Of:** THOMAS J KLUTHO JR
**Associated Entries:** 11/20/2020 - **Order Granting Leave** ⊞

09/15/2020  ☐ **Corporation Served**

Document ID - 20-SMCC-8318; Served To - JK POWERHOUSE LLC; Server - PYLE, PERRY; Served Date - 11-SEP-20; Served Time - 00:00:00; Service Type - Territory 20; Reason Description - Served; Service Text - LC

09/04/2020  ☐ **Summons Issued-Circuit**

Document ID: 20-SMCC-8318, for JK POWERHOUSE LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

09/03/2020  ☐ **Confid Filing Info Sheet Filed**
**Filed By:** EARL ROBERT SCHULTZ III

☐ **Pet Filed in Circuit Ct**

Class Action Petition.
**On Behalf Of:** THOMAS J KLUTHO JR

☐ **Judge Assigned**

DIV 17

**20SL-CC04599**

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | |
|---|---|
| **THOMAS J. KLUTHO,** ) | |
| ) | |
| **Plaintiff,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **v.** ) | |
| ) | **Case No. _____** |
| **JK POWERHOUSE LLC** ) | |
| ) | |
| **Serve Registered Agent:** ) | |
| **Brad M. Sowers** ) | |
| **759 Gravois Bluffs Boulevard** ) | |
| **Fenton, MO 63026** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## CLASS-ACTION PETITION

Plaintiff Thomas J. Klutho, brings this class action, on behalf of itself and all others similarly situated, against Defendant JK Powerhouse LLC d/b/a Jim Butler Linn KIA under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder ("TCPA").

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is an individual who resides in St. Louis County, Missouri.

2.     Defendant JK Powerhouse LLC ("Butler Kia") d/b/a Jim Butler Linn JIA is a Missouri limited partnership in good standing, with its registered agent and registered office located in Fenton, St. Louis County, State of Missouri. Butler Kia is the registered owner of the fictitious name "Jim Butler Linn KIA".

3.     Personal jurisdiction is proper in Missouri as Defendant is a Missouri limited liability company.

4.      Venue is proper in this Court under Missouri Revised Statutes § 508.010.2.

5.      On information and belief, Defendant owns and operates a Kia car dealership located in St. Louis County, State of Missouri.

6.      Defendant sells Kia cars and uses the telephone number 636-256-9600.

7.      On or about July 15, 2020, at approximately 10:07 a.m., Plaintiff Klutho received on his cell phone a recorded voice robocall from Defendant (and its telephone number 636-256-9600) which had a recorded voice advertising Defendant's car repair services.

8.      On August 31, 2020, before noon, Plaintiff Klutho received another recorded voice robocall on his cell phone from Defendant advertising Defendant's service department and car repair services.

9.      Plaintiff Klutho never gave his consent and never gave his written consent to Defendant telephoning Klutho's cell phone with a recorded voice robocall.

10.     Both recorded robocalls also lacked the, required by the TCPA, opt out notice and procedure. See 2012 TCPA Order, para 47 (Feb. 15, 2012).

11.     As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that the recipient will receive recorded voice robocalls and informing the recipient that the recipient is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

12.     Plaintiff received and listened to the two recorded voice robocalls referenced above on his cellular phone.

13.     The TCPA states, in part:

It shall be unlawful . . .

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone … .

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

14.     The Federal Communications Commission's Regulations and Rules implementing the TCPA provide that telephone calls, which include artificial voice or prerecorded voices, cannot be made to a recipient without the recipient's "prior express written consent" which is signed by the recipient.  *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

15.     The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called a message using an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8)(i); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

16.     The Code of Federal Regulations further provides that the written agreement required to obtain "prior express written consent" must include a clear and conspicuous disclosure informing the person signing that (1) by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

services. 47 C.F.R. § 64.1200(f)(8)(i)(A)-(B); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

17.     The TCPA provides for a private right of action and statutory damages of at least $500 and as much as $1500 per violation. 47 U.S.C. §227(b)(3).

18.     Plaintiff brings this action individually, and on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent prerecorded or artificial voice telephone calls by or on behalf of Defendant, and (3) did not sign an agreement containing the following disclosures:  (a) by executing the agreement, such person authorized Defendant to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (a) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

19.     Upon information and belief, Defendant sent prerecorded or artificial voice telephone calls to at least forty recipients who are members of the proposed class despite not having prior express written consent from the class members to send them artificial or prerecorded voice robocalls.

20.     More particularly, Defendant knowingly and willfully sent prerecorded or artificial voice telephone calls  to Plaintiff and members of Class who had not signed agreements with Defendant containing a clear and conspicuous disclosure informing them that (1) by executing the agreement, such person authorized Defendant to deliver or cause to be delivered telemarketing calls using an automatic telephone dialing system; and (2) the person was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services, all without the required opt out notice and procedure.

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

21.     By sending artificial voice and prerecorded voice telephone calls to Plaintiff and to the Class members, none of whom had granted Defendant their prior express written consent by signing agreements containing the disclosures described above, Defendant violated the express provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) and (f)(8).

22.     Defendant knew or should have known that the artificial voice or prerecorded voice telephone calls sent to Plaintiff and the Class was an intentional and willful violation of the TCPA and that Plaintiff and members of Class did not provide prior express written consent, as described above, authorizing Defendant to send them text messages.

23.     Plaintiff and the proposed class are entitled to damages of at least $500.00 per artificial voice or prerecorded voice telephone calls sent by Defendant and up to $1,500.00 per call if the Court finds that Defendant willfully violated the TCPA.

24.     Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

25.     Plaintiff's claims are typical of the class he seeks to represent.

26.     Plaintiff and members of the proposed class were sent artificial voice or prerecorded voice telephone calls by Defendant without providing their prior express written consent as defined by 47 C.F.R. § 64.1200(f)(8).

27.     Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

28.     Questions of law and fact common to the Class include:

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

a.      Whether Defendant sent artificial voice or prerecorded voice telephone calls to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by 47 C.F.R. § 64.1200(a)(2) and (f)(8);

b.      Whether Defendant sent artificial voice or prerecorded voice telephone calls to members of the Class;

c.      Whether the artificial voice or prerecorded voice telephone calls had the required opt out notice and procedure;

d.      Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(A)(iii);

e.      Whether Plaintiff and the Class are entitled to statutory damages; and

f.      Whether the Court should award enhanced damages for Defendant's knowing and willful violations of the TCPA.

29.     Plaintiff will fairly and adequately represent the proposed Class.

30.     Plaintiff has retained counsel experienced in the prosecution of class actions, including TCPA class actions.

31.     Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

32.     Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

33.     The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

34.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

35.     Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

a.     certify this action as a class action and appoint Plaintiff as Class representative;

b.     appoint the undersigned counsel as Class counsel;

c.     award damages of $1500.00 per telephone call or at least $500 per telephone call pursuant to 47 U.S.C. § 227(b)(1)(A)(iii)

d.     award enhanced damages up to $1,500 per telephone call pursuant to 47 U.S.C. § 227(a)(3);

e.     enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating telephone calls pursuant to 47 U.S.C. § 227(a)(3)(A);

f.     award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

g.     award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;

h.     award Plaintiff prejudgment interest and costs; and

i.     grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Louis County - September 03, 2020 - 04:52 PM

SCHULTZ & ASSOCIATES LLP


By:  /s/ Robert Schultz
       Robert Schultz, #35329
       640 Cepi Drive, Suite A
       Chesterfield, MO  63005
       636-537-4645
       Fax:  636-537-2599
       reisenberg@sl-lawyers.com
       rschultz@sl-lawyers.com

       *Attorneys for Plaintiff*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | **Case Number:  20SL-CC04599** | **SHERIFF FEE PAID** |
| Plaintiff/Petitioner:<br>THOMAS J KLUTHO JR<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>EARL ROBERT SCHULTZ III<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 | |
| Defendant/Respondent:<br> JK POWERHOUSE LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | JK POWERHOUSE LLC |
| | Alias: |

**R/A: BRAD M. SOWERS**
**759 GRAVOIS BLUFFS BLVD**
**FENTON, MO  63026**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>04-SEP-2020</u>
**Date**

_____
Clerk

**Further Information:**
LES

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

             Subscribed and sworn to before me on _____ (date).

*(Seal)*

             My commission expires: _____    _____
                              Date                      Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: **20SL-CC04599** |
| Plaintiff's/Petitioner:<br>THOMAS J KLUTHO JR | Plaintiff's/Petitioner's Attorney/Address<br>EARL ROBERT SCHULTZ III<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| vs. | |
| Defendant/Respondent:<br>JK POWERHOUSE LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

**SHERIFF FEE PAID**

**FILED**

SEP 22 2020

JUAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** JK POWERHOUSE LLC | |

**Alias:**

R/A: BRAD M. SOWERS
759 GRAVOIS BLUFFS BLVD
FENTON, MO 63026

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>04-SEP-2020</u>
. Date

_____
Clerk

Further Information:
LES

SEP 10 2020

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Tracy_ (name) _HR_ (title).

☐ other _____

Served at __759 Gravois Bluffs Blvd__ (address)

in __STL__ (County/City of St. Louis), MO, on _9/11/2020_ (date) at _1144_ (time).

_Perry Pyle_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

2020 SEP -11 AM 11:01
ST. LOUIS COUNTY SHERIFF OFFICE
RECEIVED

9/10

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **THOMAS J. KLUTHO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | **Division 17** |
| | ) | **Case No. 20SL-CC04599** |
| **JK POWERHOUSE LLC, et. al.** | ) | |
| | ) | |

**PLAINTIFF THOMAS KLUTHO'S REQUEST TO FILE THE ATTACHED FIRST
AMENDED PEITITON AND ADD THREE DEFENDANTS**

Plaintiff Thomas Klutho moves this Court to allow Plaintiff to file the attached

First Amended Petition and to add three additional defendants (Brad M. Sowers, James J. Butler,

and Jim Butler Imports, LLC). In support of this motion, Plaintiff states:

1.      This case involves multiple violations of the Telephone Consumer Protection Act

by Jim Butler Kia located at 722 Long Road Crossing, Chesterfield, Missouri 63005.

2.      There is no current valid Missouri fictitious name registration for "Jim Butler Kia"

at 722 Long Road Crossing, Chesterfield, Missouri 63005, which is the business and location

Plaintiff dealt with.

3.      The only valid fictitious name registration for "Butler Kia" is a fictitious name

registration for "Jim Butler Linn Kia" for original Defendant, JK Powerhouse LLC.

4.      A Missouri fictitious name registration for "Jim Butler Kia" with its business

address at 722 Long Road Crossing, Chesterfield, Missouri 63005, expired on February 11, 2019.

This fictious name registration lists the owners of this fictitious name as Defendants James J. Butler

and Brad M. Sowers both with addresses in St. Louis County, State of Missouri.

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

5.    A Missouri fictitious name registration for "Jim Butler Kia" with its business located at 759 Gravois Bluffs Boulevard, Fenton, Missouri 63026, expired on January 9, 2019. This fictitious name registration listed the owner of this fictitious name as Jim Butler Imports, LLC, which has its registered agent located in St. Louis County, State of Missouri.

6.    Because Defendant and Defendants have not kept up their fictitious name registrations and because there are expired overlapping fictitious name registrations, Plaintiff asks for leave to add the three owners of the similar fictitious names from two expired fictitious name registrations.

7.    There are no new claims added to their petition just three new defendants who are sued in the alternative.

8.    This amendment is made in good faith with no intent to delay this case.

9.    The existing defendant is in default and no one has yet entered for it.

Wherefore, Plaintiff Thomas Klutho moves this Court to allow Plaintiff to file the attached First Amended Petition and to add three additional defendants (Brad M. Sowers, James J. Butler, and Jim Butler Imports, LLC)

SCHULTZ & ASSOCIATES LLP

By:  /s/ Robert Schultz
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **THOMAS J. KLUTHO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | **Case No. 20SL-CC04599** |
| | ) | |
| **JK POWERHOUSE LLC,** | ) | |
| | ) | **Division 17** |
| **JAMES J. BUTLER,** | ) | |
| **Serve at: 13564 Weston Park Drive** | ) | |
| **Des Peres, Missouri 63131** | ) | |
| **and,** | ) | |
| | ) | |
| **BRAD M. SOWERS,** | ) | |
| **Serve at: 2445 Town & Country Lane** | ) | |
| **Des Peres, Missouri 63131** | ) | |
| **and,** | ) | |
| | ) | |
| **JIM BUTLER IMPORTS, LLC** | ) | |
| **Serve Registered Agent:** | ) | |
| **Brad M. Sowers** | ) | |
| **759 Gravois Bluffs Boulevard** | ) | |
| **Fenton, Missouri 63026** | ) | |

## FIRST AMENDED CLASS-ACTION PETITION

Plaintiff Thomas J. Klutho, brings this class action, on behalf of himself and all others similarly situated, pleading in the alternative, against Defendants JK Powerhouse LLC d/b/a Jim Butler Linn KIA, against James J. Butler and Brad M. Sowers doing business as Jim Butler Kia, and Jim Butler Imports, LLC doing business as Jim Butler Kia all under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder ("TCPA").

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in St. Louis County, Missouri.

Electronically Filed - St. Louis County - October 16, 2020 - 04:47 PM

2.    Defendant JK Powerhouse LLC ("Powerhouse") d/b/a "Jim Butler Linn KIA" is a Missouri limited partnership in good standing, with its registered agent and registered office located in Fenton, St. Louis County, State of Missouri. Powerhouse is the registered owner of the fictitious name "Jim Butler Linn KIA" with a business address at 759 Gravois Bluffs Boulevard, Fenton, Missouri 63026.

3.    There is no current valid Missouri fictitious name registration for "Jim Butler Kia" at 722 Long Road Crossing, Chesterfield, Missouri 63005, which is the business and location Plaintiff dealt with.

4.    A Missouri fictitious name registration for "Jim Butler Kia" with its business address at 722 Long Road Crossing, Chesterfield, Missouri 63005, expired on February 11, 2019. This fictious name registration lists the owners of this fictitious name as Defendants James J. Butler and Brad M. Sowers both with addresses in St. Louis County, State of Missouri.

5.    A Missouri fictitious name registration for "Jim Butler Kia" with its business located at 759 Gravois Bluffs Boulevard, Fenton, Missouri 63026, expired on January 9, 2019. This fictitious name registration listed the owner of this fictitious name as Jim Butler Imports, LLC, which has its registered agent located in St. Louis County, State of Missouri.

6.    Pleading in the alternative, Plaintiff sues each of these Defendants.

7.    Defendants have failed to keep current their fictitious name registration.

8.    Personal jurisdiction is proper in Missouri as Defendants are Missouri limited liability companies and residents.

9.    Venue is proper in this Court under Missouri Revised Statutes § 508.010.2 as all Defendants reside in St. Louis County, Missouri.

10.     On information and belief, Defendants owns and operates a Kia car dealership located in St. Louis County, State of Missouri.

11.     Defendants sell Kia cars and use the telephone number 636-256-9600.

12.     On or about July 15, 2020, at approximately 10:07 a.m., Plaintiff Klutho received on his cell phone a recorded voice robocall from Defendants (and its telephone number 636-256-9600) which had a recorded voice advertising Defendants' car repair services.

13.     On August 31, 2020, before noon, Plaintiff Klutho received another recorded voice robocall on his cell phone from Defendants advertising Defendants' service department and car repair services.

14.     Plaintiff Klutho never gave his consent and never gave his written consent to Defendants telephoning Klutho's cell phone with a recorded voice robocall.

15.     Both recorded robocalls also lacked the, required by the TCPA, opt out notice and procedure. See 2012 TCPA Order, para 47 (Feb. 15, 2012).

16.     As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that the recipient will receive recorded voice robocalls and informing the recipient that the recipient is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

17.     Plaintiff received and listened to the two recorded voice robocalls referenced above on his cellular phone.

18.     The TCPA states, in part:

It shall be unlawful . . .

        (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone … .

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

19.    The Federal Communications Commission's Regulations and Rules implementing the TCPA provide that telephone calls, which include artificial voice or prerecorded voices, cannot be made to a recipient without the recipient's "prior express written consent" which is signed by the recipient.  *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

20.    The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called a message using an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8)(i); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

21.    The Code of Federal Regulations further provides that the written agreement required to obtain "prior express written consent" must include a clear and conspicuous disclosure informing the person signing that (1) by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

services. 47 C.F.R. § 64.1200(f)(8)(i)(A)-(B); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

22.     The TCPA provides for a private right of action and statutory damages of at least $500 and as much as $1500 per violation. 47 U.S.C. §227(b)(3).

23.     Plaintiff brings this action individually, and on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent prerecorded or artificial voice telephone calls by or on behalf of Defendant, and (3) did not sign an agreement containing the following disclosures:  (a) by executing the agreement, such person authorized Defendant to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (a) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

24.     Upon information and belief, Defendants sent prerecorded or artificial voice telephone calls to at least forty recipients who are members of the proposed class despite not having prior express written consent from the class members to send them artificial or prerecorded voice robocalls.

25.     More particularly, Defendants knowingly and willfully sent prerecorded or artificial voice telephone calls  to Plaintiff and members of Class who had not signed agreements with Defendants containing a clear and conspicuous disclosure informing them that (1) by executing the agreement, such person authorized Defendants to deliver or cause to be delivered telemarketing calls using an automatic telephone dialing system; and (2) the person was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services, all without the required opt out notice and procedure.

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

26.     By sending artificial voice and prerecorded voice telephone calls to Plaintiff and to the Class members, none of whom had granted Defendants their prior express written consent by signing agreements containing the disclosures described above, Defendants violated the express provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) and (f)(8).

27.     Defendants knew or should have known that the artificial voice or prerecorded voice telephone calls sent to Plaintiff and the Class was an intentional and willful violation of the TCPA and that Plaintiff and members of Class did not provide prior express written consent, as described above, authorizing Defendants to send them artificial voice or prerecorded voice telephone calls.

28.     Plaintiff and the proposed class are entitled to damages of at least $500.00 per artificial voice or prerecorded voice telephone calls sent by Defendants and up to $1,500.00 per call if the Court finds that Defendants willfully violated the TCPA.

29.     Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

30.     Plaintiff's claims are typical of the class he seeks to represent.

31.     Plaintiff and members of the proposed class were sent artificial voice or prerecorded voice telephone calls by Defendants without providing their prior express written consent as defined by 47 C.F.R. § 64.1200(f)(8).

32.     Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

33.     Questions of law and fact common to the Class include:

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

a.      Whether Defendants sent artificial voice or prerecorded voice telephone calls to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by 47 C.F.R. § 64.1200(a)(2) and (f)(8);

b.      Whether Defendants sent artificial voice or prerecorded voice telephone calls to members of the Class;

c.      Whether the artificial voice or prerecorded voice telephone calls had the required opt out notice and procedure;

d.      Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A)(iii);

e.      Whether Plaintiff and the Class are entitled to statutory damages; and

f.      Whether the Court should award enhanced damages for Defendants' knowing and willful violations of the TCPA.

34.     Plaintiff will fairly and adequately represent the proposed Class.

35.     Plaintiff has retained counsel experienced in the prosecution of class actions, including TCPA class actions.

36.     Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

37.     Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

38.     The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

39.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

40.    Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

a.    certify this action as a class action and appoint Plaintiff as Class representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $1500.00 per telephone call or at least $500 per telephone call pursuant to 47 U.S.C. § 227(b)(1)(A)(iii)

d.    award enhanced damages up to $1,500 per telephone call pursuant to 47 U.S.C. § 227(a)(3);

e.    enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating telephone calls pursuant to 47 U.S.C. § 227(a)(3)(A);

f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.    award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;

h.    award Plaintiff prejudgment interest and costs; and

i.    grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Louis County - October 16, 2020 - 04:47 PM

SCHULTZ & ASSOCIATES LLP


By: /s/ Robert Schultz
   Robert Schultz, #35329
   640 Cepi Drive, Suite A
   Chesterfield, MO  63005
   636-537-4645
   Fax:  636-537-2599
   reisenberg@sl-lawyers.com
   rschultz@sl-lawyers.com

   *Attorneys for Plaintiff*

Electronically Filed - St Louis County - November 06, 2020 - 01:15 PM

**IN THE  21ST JUDICIAL CIRCUIT  COURT, _____ ST. LOUIS COUNTY _____, MISSOURI**

| |
|---|
| Thomas Klutho,<br><br>        Plaintiff,<br><br>                        vs.<br><br>Jk Powerhouse Llc,<br><br>        Defendant. |
| Case Number:  20SL-CC04599 |

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Jk Powerhouse Llc, Defendant, in the above-styled cause.

/s/ Brian E. McGovern
Brian Edward Mcgovern
Mo Bar Number: 34677
Attorney for Defendant
825 Maryville Centre Drive
Suite 300
Town & Country, MO 63017-5946
Phone Number: (314) 392-5200
bmcgovern@mlklaw.com

### Certificate of Service

I hereby certify that on _____ November 6th, 2020 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Brian E. McGovern
Brian Edward Mcgovern

Electronically Filed - St Louis County - November 06, 2020 - 01:15 PM

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS

THOMAS J. KLUTHO,                        )
                                          )
        Plaintiff,                        )
                                          )        Cause No.: 20SL-CC04599
v.                                        )
                                          )        Division 17
JK POWERHOUSE LLC                         )
                                          )
        Defendant.                        )

## **MOTION FOR EXTENSION OF TIME**

COMES NOW Defendant JK Powerhouse LLC d/b/a Jim Butler Kia, by and through its
undersigned counsel, and hereby requests an additional thirty (30) days to file its responsive
pleading(s) in the above-referenced case, up to and including **December 6, 2020**.

Further, it is Defendant's understanding that Plaintiff has sought leave to file his First
Amended Class-Action Petition with the Court in order to add three Defendants.

Respectfully submitted,

McCARTHY, LEONARD, & KAEMMERER, L.C.

BY:     /s/ Brian E. McGovern
        Brian E. McGovern, #34677
        bmcgovern@mlklaw.com
        Ryan O. Corrigan, #70925
        rcorrigan@mlklaw.com
        825 Maryville Centre Drive, Suite 300
        Town and Country, MO 63017
        314.392.5200
        314.392.5221 (fax)
        *Attorneys for Defendant*

Electronically Filed - St Louis County - November 06, 2020 - 01:15 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 6th day of November 2020, a copy of the above and foregoing was served to all parties who are properly registered with the Court's electronic case filing system in accordance with the Court's rules.


<u>/s/ Brian E. McGovern</u>

**IN THE  21ST JUDICIAL CIRCUIT  COURT,  ST. LOUIS COUNTY , MISSOURI**

Electronically Filed - St Louis County - November 06, 2020 - 01:16 PM

Thomas Klutho,

      Plaintiff,

            vs.

Jk Powerhouse Llc,

      Defendant.

Case Number:  20SL-CC04599

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Jk Powerhouse Llc, Defendant, in the above-styled cause.

/s/ Ryan O. Corrigan

Ryan O'connor Corrigan
Mo Bar Number: 70925
Attorney for Defendant
825 Maryville Centre Drive
Suite 300
St. Louis, MO 63017
Phone Number: (314) 392-5200 ext 1034
rcorrigan@mlklaw.com

### Certificate of Service

I hereby certify that on _____ November 6th, 2020 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Ryan O. Corrigan

Ryan O'connor Corrigan

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | |
|---|---|
| **THOMAS J. KLUTHO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **JK POWERHOUSE LLC,** | ) |
| | ) |
| **JAMES J. BUTLER,** | ) |
| Serve at: 13564 Weston Park Drive | ) |
|       Des Peres, Missouri 63131 | ) |
| **and,** | ) |
| | ) |
| **BRAD M. SOWERS,** | ) |
| Serve at: 2445 Town & Country Lane | ) |
|       Des Peres, Missouri 63131 | ) |
| **and,** | ) |
| | ) |
| **JIM BUTLER IMPORTS, LLC** | ) |
| **Serve Registered Agent:** | ) |
| **Brad M. Sowers** | ) |
| **759 Gravois Bluffs Boulevard** | ) |
| **Fenton, Missouri 63026** | ) |

> FILED
> 11/20/2020
> JOAN M. GILMER
> CIRCUIT CLERK
> ST. LOUIS COUNTY

**JURY TRIAL DEMANDED**

**Case No. 20SL-CC04599**

**Division 17**

*Venue granted by consent*
*So ordered*
*[signature]* 11/20/20

**FIRST AMENDED CLASS-ACTION PETITION**

Plaintiff Thomas J. Klutho, brings this class action, on behalf of himself and all others similarly situated, pleading in the alternative, against Defendants JK Powerhouse LLC d/b/a Jim Butler Linn KIA, against James J. Butler and Brad M. Sowers doing business as Jim Butler Kia, and Jim Butler Imports, LLC doing business as Jim Butler Kia all under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder ("TCPA").

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff is an individual who resides in St. Louis County, Missouri.

1

2.      Defendant JK Powerhouse LLC ("Powerhouse") d/b/a "Jim Butler Linn KIA" is a Missouri limited partnership in good standing, with its registered agent and registered office located in Fenton, St. Louis County, State of Missouri. Powerhouse is the registered owner of the fictitious name "Jim Butler Linn KIA" with a business address at 759 Gravois Bluffs Boulevard, Fenton, Missouri 63026.

3.      There is no current valid Missouri fictitious name registration for "Jim Butler Kia" at 722 Long Road Crossing, Chesterfield, Missouri 63005, which is the business and location Plaintiff dealt with.

4.      A Missouri fictitious name registration for "Jim Butler Kia" with its business address at 722 Long Road Crossing, Chesterfield, Missouri 63005, expired on February 11, 2019. This fictious name registration lists the owners of this fictitious name as Defendants James J. Butler and Brad M. Sowers both with addresses in St. Louis County, State of Missouri.

5.      A Missouri fictitious name registration for "Jim Butler Kia" with its business located at 759 Gravois Bluffs Boulevard, Fenton, Missouri 63026, expired on January 9, 2019. This fictitious name registration listed the owner of this fictitious name as Jim Butler Imports, LLC, which has its registered agent located in St. Louis County, State of Missouri.

6.      Pleading in the alternative, Plaintiff sues each of these Defendants.

7.      Defendants have failed to keep current their fictitious name registration.

8.      Personal jurisdiction is proper in Missouri as Defendants are Missouri limited liability companies and residents.

9.      Venue is proper in this Court under Missouri Revised Statutes § 508.010.2 as all Defendants reside in St. Louis County, Missouri.

10.    On information and belief, Defendants owns and operates a Kia car dealership located in St. Louis County, State of Missouri.

11.    Defendants sell Kia cars and use the telephone number 636-256-9600.

12.    On or about July 15, 2020, at approximately 10:07 a.m., Plaintiff Klutho received on his cell phone a recorded voice robocall from Defendants (and its telephone number 636-256-9600) which had a recorded voice advertising Defendants' car repair services.

13.    On August 31, 2020, before noon, Plaintiff Klutho received another recorded voice robocall on his cell phone from Defendants advertising Defendants' service department and car repair services.

14.    Plaintiff Klutho never gave his consent and never gave his written consent to Defendants telephoning Klutho's cell phone with a recorded voice robocall.

15.    Both recorded robocalls also lacked the, required by the TCPA, opt out notice and procedure. See 2012 TCPA Order, para 47 (Feb. 15, 2012).

16.    As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that the recipient will receive recorded voice robocalls and informing the recipient that the recipient is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

17.    Plaintiff received and listened to the two recorded voice robocalls referenced above on his cellular phone.

18.    The TCPA states, in part:

It shall be unlawful . . .

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

3

telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

19.     The Federal Communications Commission's Regulations and Rules implementing the TCPA provide that telephone calls, which include artificial voice or prerecorded voices, cannot be made to a recipient without the recipient's "prior express written consent" which is signed by the recipient. *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

20.     The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called a message using an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

21.     The Code of Federal Regulations further provides that the written agreement required to obtain "prior express written consent" must include a clear and conspicuous disclosure informing the person signing that (1) by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or

4

services. 47 C.F.R. § 64.1200(f)(8)(i)(A)-(B); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

22.    The TCPA provides for a private right of action and statutory damages of at least $500 and as much as $1500 per violation. 47 U.S.C. §227(b)(3).

23.    Plaintiff brings this action individually, and on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent prerecorded or artificial voice telephone calls by or on behalf of Defendant, and (3) did not sign an agreement containing the following disclosures:  (a) by executing the agreement, such person authorized Defendant to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (a) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

24.    Upon information and belief, Defendants sent prerecorded or artificial voice telephone calls to at least forty recipients who are members of the proposed class despite not having prior express written consent from the class members to send them artificial or prerecorded voice robocalls.

25.    More particularly, Defendants knowingly and willfully sent prerecorded or artificial voice telephone calls  to Plaintiff and members of Class who had not signed agreements with Defendants containing a clear and conspicuous disclosure informing them that (1) by executing the agreement, such person authorized Defendants to deliver or cause to be delivered telemarketing calls using an automatic telephone dialing system; and (2) the person was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services, all without the required opt out notice and procedure.

26.    By sending artificial voice and prerecorded voice telephone calls to Plaintiff and to the Class members, none of whom had granted Defendants their prior express written consent by signing agreements containing the disclosures described above, Defendants violated the express provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) and (f)(8).

27.    Defendants knew or should have known that the artificial voice or prerecorded voice telephone calls sent to Plaintiff and the Class was an intentional and willful violation of the TCPA and that Plaintiff and members of Class did not provide prior express written consent, as described above, authorizing Defendants to send them artificial voice or prerecorded voice telephone calls.

28.    Plaintiff and the proposed class are entitled to damages of at least $500.00 per artificial voice or prerecorded voice telephone calls sent by Defendants and up to $1,500.00 per call if the Court finds that Defendants willfully violated the TCPA.

29.    Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

30.    Plaintiff's claims are typical of the class he seeks to represent.

31.    Plaintiff and members of the proposed class were sent artificial voice or prerecorded voice telephone calls by Defendants without providing their prior express written consent as defined by 47 C.F.R. § 64.1200(f)(8).

32.    Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

33.    Questions of law and fact common to the Class include:

    a.    Whether Defendants sent artificial voice or prerecorded voice telephone calls to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by 47 C.F.R. § 64.1200(a)(2) and (f)(8);

    b.    Whether Defendants sent artificial voice or prerecorded voice telephone calls to members of the Class;

    c.    Whether the artificial voice or prerecorded voice telephone calls had the required opt out notice and procedure;

    d.    Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A)(iii);

    e.    Whether Plaintiff and the Class are entitled to statutory damages; and

    f.    Whether the Court should award enhanced damages for Defendants' knowing and willful violations of the TCPA.

34.    Plaintiff will fairly and adequately represent the proposed Class.

35.    Plaintiff has retained counsel experienced in the prosecution of class actions, including TCPA class actions.

36.    Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

37.    Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

38.    The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

39.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

40.    Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

a.    certify this action as a class action and appoint Plaintiff as Class representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $1500.00 per telephone call or at least $500 per telephone call pursuant to 47 U.S.C. § 227(b)(1)(A)(iii)

d.    award enhanced damages up to $1,500 per telephone call pursuant to 47 U.S.C. § 227(a)(3);

e.    enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating telephone calls pursuant to 47 U.S.C. § 227(a)(3)(A);

f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.    award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;

h.    award Plaintiff prejudgment interest and costs; and

i.    grant Plaintiff all other relief deemed just and proper.

SCHULTZ & ASSOCIATES LLP

By:  /s/ Robert Schultz
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO  63005
     636-537-4645
     Fax:  636-537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

Electronically Filed - St Louis County - November 25, 2020 - 05:23 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

THOMAS J. KLUTHO,           )
                              )
      Plaintiff,           )
                              )    Cause No.:  20SL-CC04599
vs.                          )
                              )    Division:  17
JK POWERHOUSE LLC,      )
                              )    **JURY TRIAL DEMANDED**
      Defendant.      )

**<u>ENTRY OF APPEARANCE</u>**

COMES NOW Glennon P. Fogarty and the law firm Husch Blackwell LLP and enter their appearance on behalf of Defendant JK Powerhouse LLC.

Dated:  November 25, 2020         Respectfully submitted,

                                         H<small>USCH</small> B<small>LACKWELL</small> LLP

                                       By:  */s/ Glennon P. Fogarty*
                                           Glennon P. Fogarty, #42983
                                           190 Carondelet Plaza, Suite 600
                                           St. Louis, MO 63105
                                           Telephone: 314.480.1500
                                           Facsimile: 314.480.1505

                                       *Attorneys for Defendant JK Powerhouse LLC*

Electronically Filed - St Louis County - November 25, 2020 - 05:23 PM

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, the foregoing was electronically filed with the Clerk of the Court of St. Louis County, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system to the following counsel of record:

Robert Schultz, #35329
SCHULTZ & ASSOCIATES LLP
640 Cepi Drive, Suite A
Chesterfield, MO 63005
E-mail:  reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com
Phone:  (636) 37-4645
Fax:  (636) 537-2599

By:  _/s/ Glennon P. Fogarty_____

Electronically Filed - St Louis County - November 25, 2020 - 05:23 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

THOMAS J. KLUTHO,                        )
                                         )
      Plaintiff,                         )
                                         )     Cause No.:  20SL-CC04599
vs.                                      )
                                         )     Division:  17
JK POWERHOUSE LLC,                       )
                                         )     **JURY TRIAL DEMANDED**
      Defendant.                         )

**AGREED MOTION FOR EXTENSION OF TIME**
**TO ANSWER OR OTHERWISE RESPOND**

Glennon P. Fogarty and the law firm of Husch Blackwell LLP entered their appearance on behalf of Defendant JK Powerhouse LLC (JK Powerhouse) earlier today, November 25, 2020.

Pursuant to Rule 44.01(b), and with the agreement of counsel for Plaintiff, Defendant JK Powerhouse respectfully requests an agreed extension, up to and including January 6, 2021, in which to file a responsive pleading or otherwise respond, preserving all defenses and objections, whether provided for by agreement, statute, rule, or rule of law.

In support of this Motion, Defendant JK Powerhouse states as follows:

1.     Defendant respectfully requests an extension up to and including January 6, 2021.

2.     Counsel for the Parties communicated, and Plaintiff's counsel has consented to the requested extension.

3.     Counsel for Plaintiff indicates that Plaintiff intends to add three additional defendants to this action.

Electronically Filed - St Louis County - November 25, 2020 - 05:23 PM

4.      This motion is made in good faith, for good cause, and not for the purpose of delay, hindrance or for any other improper purpose.

5.      The extension requested herein will not alter any deadline set by the Court or result in any significant delay.

WHEREFORE, Defendant JK Powerhouse respectfully requests an extension, up to and including **January 6, 2021**, in which to file a responsive pleading or otherwise respond, preserving all defenses and objections, including but not limited to personal jurisdiction and those provided for by agreement, statute, rule or rule of law.

Dated:  November 25, 2020                    Respectfully submitted,

HUSCH BLACKWELL LLP

By:  __/s/ Glennon P. Fogarty_____
    Glennon P. Fogarty, #42983
    Robert J. Hurtt, # 65981
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63105
    Telephone: 314.480.1500
    Facsimile: 314.480.1505

*Attorneys for Defendant JK Powerhouse LLC*

**So Ordered:** _____                    _____
                  **Circuit Judge**                                             **Dated**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of November 2020, the foregoing was filed electronically with the Clerk of the Circuit Court for St. Louis County, Missouri, and was served by operation of the Court's electronic filing system for parties registered for the Missouri eFiling System.

                        */s/ Glennon P. Fogarty*_____

Electronically Filed - St Louis County - November 25, 2020 - 06:24 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

THOMAS J. KLUTHO,                        )
                                         )
      Plaintiff,                     )
                                         )     Cause No.:  20SL-CC04599
vs.                                      )
                                         )     Division:  17
JK POWERHOUSE LLC,                       )
                                         )     **JURY TRIAL DEMANDED**
      Defendant.                     )

## ENTRY OF APPEARANCE

    COMES NOW Robert J. Hurtt, Jr. of the law firm Husch Blackwell LLP and enter his appearance on behalf of Defendant JK Powerhouse LLC.

Dated:  November 25, 2020            Respectfully submitted,

                                      HUSCH BLACKWELL LLP

                                By:  */s/ Robert J. Hurtt, Jr.*
                                    Robert J. Hurtt, Jr., #65981
                                    Glennon P. Fogarty, #42983
                                    190 Carondelet Plaza, Suite 600
                                    St. Louis, MO 63105
                                    Telephone: 314.480.1500
                                    Facsimile: 314.480.1505
                                    glennon.fogarty@huschblackwell.com
                                    rob.hurtt@huschblackwell.com

                                  *Attorneys for Defendant JK Powerhouse LLC*

Electronically Filed - St Louis County - November 25, 2020 - 06:24 PM

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2020, the foregoing was electronically filed with the Clerk of the Court of St. Louis County, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system to the following counsel of record:

Robert Schultz, #35329
SCHULTZ & ASSOCIATES LLP
640 Cepi Drive, Suite A
Chesterfield, MO 63005
E-mail:  reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com
Phone:  (636) 37-4645
Fax:  (636) 537-2599


By:  _/s/ Robert J. Hurtt, Jr._____

2

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **THOMAS J. KLUTHO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | **Case No. 20SL-CC04599** |
| | ) | |
| **JK POWERHOUSE LLC,** | ) | |
| | ) | **Division 17** |
| **JAMES J. BUTLER,** | ) | |
| **Serve at: 13564 Weston Park Drive** | ) | |
| **Des Peres, Missouri 63131** | ) | |
| **and,** | ) | |
| | ) | |
| **BRAD M. SOWERS,** | ) | |
| **Serve at: 2445 Town & Country Lane** | ) | |
| **Des Peres, Missouri 63131** | ) | |
| **and,** | ) | |
| | ) | |
| **JIM BUTLER IMPORTS, LLC** | ) | |
| **Serve Registered Agent:** | ) | |
| **Brad M. Sowers** | ) | |
| **759 Gravois Bluffs Boulevard** | ) | |
| **Fenton, Missouri 63026** | ) | |

## FIRST AMENDED CLASS-ACTION PETITION

Plaintiff Thomas J. Klutho, brings this class action, on behalf of himself and all others similarly situated, pleading in the alternative, against Defendants JK Powerhouse LLC d/b/a Jim Butler Linn KIA, against James J. Butler and Brad M. Sowers doing business as Jim Butler Kia, and Jim Butler Imports, LLC doing business as Jim Butler Kia all under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder ("TCPA").

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is an individual who resides in St. Louis County, Missouri.

Electronically Filed - St. Louis County - November 30, 2020 - 12:37 PM

2.      Defendant JK Powerhouse LLC ("Powerhouse") d/b/a "Jim Butler Linn KIA" is a Missouri limited partnership in good standing, with its registered agent and registered office located in Fenton, St. Louis County, State of Missouri. Powerhouse is the registered owner of the fictitious name "Jim Butler Linn KIA" with a business address at 759 Gravois Bluffs Boulevard, Fenton, Missouri 63026.

3.      There is no current valid Missouri fictitious name registration for "Jim Butler Kia" at 722 Long Road Crossing, Chesterfield, Missouri 63005, which is the business and location Plaintiff dealt with.

4.      A Missouri fictitious name registration for "Jim Butler Kia" with its business address at 722 Long Road Crossing, Chesterfield, Missouri 63005, expired on February 11, 2019. This fictious name registration lists the owners of this fictitious name as Defendants James J. Butler and Brad M. Sowers both with addresses in St. Louis County, State of Missouri.

5.      A Missouri fictitious name registration for "Jim Butler Kia" with its business located at 759 Gravois Bluffs Boulevard, Fenton, Missouri 63026, expired on January 9, 2019. This fictitious name registration listed the owner of this fictitious name as Jim Butler Imports, LLC, which has its registered agent located in St. Louis County, State of Missouri.

6.      Pleading in the alternative, Plaintiff sues each of these Defendants.

7.      Defendants have failed to keep current their fictitious name registration.

8.      Personal jurisdiction is proper in Missouri as Defendants are Missouri limited liability companies and residents.

9.      Venue is proper in this Court under Missouri Revised Statutes § 508.010.2 as all Defendants reside in St. Louis County, Missouri.

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

10.     On information and belief, Defendants owns and operates a Kia car dealership located in St. Louis County, State of Missouri.

11.     Defendants sell Kia cars and use the telephone number 636-256-9600.

12.     On or about July 15, 2020, at approximately 10:07 a.m., Plaintiff Klutho received on his cell phone a recorded voice robocall from Defendants (and its telephone number 636-256-9600) which had a recorded voice advertising Defendants' car repair services.

13.     On August 31, 2020, before noon, Plaintiff Klutho received another recorded voice robocall on his cell phone from Defendants advertising Defendants' service department and car repair services.

14.     Plaintiff Klutho never gave his consent and never gave his written consent to Defendants telephoning Klutho's cell phone with a recorded voice robocall.

15.     Both recorded robocalls also lacked the, required by the TCPA, opt out notice and procedure. See 2012 TCPA Order, para 47 (Feb. 15, 2012).

16.     As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that the recipient will receive recorded voice robocalls and informing the recipient that the recipient is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

17.     Plaintiff received and listened to the two recorded voice robocalls referenced above on his cellular phone.

18.     The TCPA states, in part:

It shall be unlawful . . .

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone … .

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

19.    The Federal Communications Commission's Regulations and Rules implementing the TCPA provide that telephone calls, which include artificial voice or prerecorded voices, cannot be made to a recipient without the recipient's "prior express written consent" which is signed by the recipient.  *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

20.    The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called a message using an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8)(i); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

21.    The Code of Federal Regulations further provides that the written agreement required to obtain "prior express written consent" must include a clear and conspicuous disclosure informing the person signing that (1) by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

services. 47 C.F.R. § 64.1200(f)(8)(i)(A)-(B); 2012 TCPA Order, Para. 20, 33, 34 (Feb. 15, 2012); 47 C.F.R. § 64.1200(a)(2).

22.     The TCPA provides for a private right of action and statutory damages of at least $500 and as much as $1500 per violation. 47 U.S.C. §227(b)(3).

23.     Plaintiff brings this action individually, and on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent prerecorded or artificial voice telephone calls by or on behalf of Defendant, and (3) did not sign an agreement containing the following disclosures:  (a) by executing the agreement, such person authorized Defendant to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (a) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

24.     Upon information and belief, Defendants sent prerecorded or artificial voice telephone calls to at least forty recipients who are members of the proposed class despite not having prior express written consent from the class members to send them artificial or prerecorded voice robocalls.

25.     More particularly, Defendants knowingly and willfully sent prerecorded or artificial voice telephone calls  to Plaintiff and members of Class who had not signed agreements with Defendants containing a clear and conspicuous disclosure informing them that (1) by executing the agreement, such person authorized Defendants to deliver or cause to be delivered telemarketing calls using an automatic telephone dialing system; and (2) the person was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services, all without the required opt out notice and procedure.

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

26.     By sending artificial voice and prerecorded voice telephone calls to Plaintiff and to the Class members, none of whom had granted Defendants their prior express written consent by signing agreements containing the disclosures described above, Defendants violated the express provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) and (f)(8).

27.     Defendants knew or should have known that the artificial voice or prerecorded voice telephone calls sent to Plaintiff and the Class was an intentional and willful violation of the TCPA and that Plaintiff and members of Class did not provide prior express written consent, as described above, authorizing Defendants to send them artificial voice or prerecorded voice telephone calls.

28.     Plaintiff and the proposed class are entitled to damages of at least $500.00 per artificial voice or prerecorded voice telephone calls sent by Defendants and up to $1,500.00 per call if the Court finds that Defendants willfully violated the TCPA.

29.     Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

30.     Plaintiff's claims are typical of the class he seeks to represent.

31.     Plaintiff and members of the proposed class were sent artificial voice or prerecorded voice telephone calls by Defendants without providing their prior express written consent as defined by 47 C.F.R. § 64.1200(f)(8).

32.     Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

33.     Questions of law and fact common to the Class include:

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

a.      Whether Defendants sent artificial voice or prerecorded voice telephone calls to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by 47 C.F.R. § 64.1200(a)(2) and (f)(8);

b.      Whether Defendants sent artificial voice or prerecorded voice telephone calls to members of the Class;

c.      Whether the artificial voice or prerecorded voice telephone calls had the required opt out notice and procedure;

d.      Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A)(iii);

e.      Whether Plaintiff and the Class are entitled to statutory damages; and

f.      Whether the Court should award enhanced damages for Defendants' knowing and willful violations of the TCPA.

34.    Plaintiff will fairly and adequately represent the proposed Class.

35.    Plaintiff has retained counsel experienced in the prosecution of class actions, including TCPA class actions.

36.    Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

37.    Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

38.    The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

39.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

40.    Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

a.    certify this action as a class action and appoint Plaintiff as Class representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $1500.00 per telephone call or at least $500 per telephone call pursuant to 47 U.S.C. § 227(b)(1)(A)(iii)

d.    award enhanced damages up to $1,500 per telephone call pursuant to 47 U.S.C. § 227(a)(3);

e.    enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating telephone calls pursuant to 47 U.S.C. § 227(a)(3)(A);

f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.    award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;

h.    award Plaintiff prejudgment interest and costs; and

i.    grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Louis County - November 30, 2020 - 12:37 PM

SCHULTZ & ASSOCIATES LLP


By:  /s/ Robert Schultz
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO  63005
     636-537-4645
     Fax:  636-537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

Electronically File

- November 25, 2020 - 05:23 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

**SO ORDERED:**

Judge        Division 17

December 02, 2020

| | |
|---|---|
| THOMAS J. KLUTHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JK POWERHOUSE LLC, | ) |
| | ) |
| Defendant. | ) |

Cause No.:  20SL-CC04599

Division:  17

**JURY TRIAL DEMANDED**

**AGREED MOTION FOR EXTENSION OF TIME**
**TO ANSWER OR OTHERWISE RESPOND**

Glennon P. Fogarty and the law firm of Husch Blackwell LLP entered their appearance on behalf of Defendant JK Powerhouse LLC (JK Powerhouse) earlier today, November 25, 2020.

Pursuant to Rule 44.01(b), and with the agreement of counsel for Plaintiff, Defendant JK Powerhouse respectfully requests an agreed extension, up to and including January 6, 2021, in which to file a responsive pleading or otherwise respond, preserving all defenses and objections, whether provided for by agreement, statute, rule, or rule of law.

In support of this Motion, Defendant JK Powerhouse states as follows:

1.      Defendant respectfully requests an extension up to and including January 6, 2021.

2.      Counsel for the Parties communicated, and Plaintiff's counsel has consented to the requested extension.

3.      Counsel for Plaintiff indicates that Plaintiff intends to add three additional defendants to this action.

HB: 4833-1516-7699.1

Electronically Filed - St Louis County - November 25, 2020 - 05:23 PM

4.      This motion is made in good faith, for good cause, and not for the purpose of delay, hindrance or for any other improper purpose.

5.      The extension requested herein will not alter any deadline set by the Court or result in any significant delay.

WHEREFORE, Defendant JK Powerhouse respectfully requests an extension, up to and including **January 6, 2021**, in which to file a responsive pleading or otherwise respond, preserving all defenses and objections, including but not limited to personal jurisdiction and those provided for by agreement, statute, rule or rule of law.

Dated:  November 25, 2020                    Respectfully submitted,

HUSCH BLACKWELL LLP

By:   */s/ Glennon P. Fogarty*_____
     Glennon P. Fogarty, #42983
     Robert J. Hurtt, # 65981
     190 Carondelet Plaza, Suite 600
     St. Louis, MO 63105
     Telephone: 314.480.1500
     Facsimile: 314.480.1505

*Attorneys for Defendant JK Powerhouse LLC*

So Ordered: _____                    _____
                 **Circuit Judge**                                        **Dated**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of November 2020, the foregoing was filed electronically with the Clerk of the Circuit Court for St. Louis County, Missouri, and was served by operation of the Court's electronic filing system for parties registered for the Missouri eFiling System.

                */s/ Glennon P. Fogarty*_____

Electronically Filed - St Louis County - N                    01:15 PM

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS

THOMAS J. KLUTHO,                    )
                                     )
        Plaintiff,                   )
                                     )        Cause No.: 20SL-CC04599
v.                                   )
                                     )        Division 17        **SO ORDERED:**
JK POWERHOUSE LLC                    )
                                     )
        Defendant.                   )                    _av 17_
                                                          Judge        Division 17
                                                          December 02, 2020

## MOTION FOR EXTENSION OF TIME

COMES NOW Defendant JK Powerhouse LLC d/b/a Jim Butler Kia, by and through its

undersigned counsel, and hereby requests an additional thirty (30) days to file its responsive

pleading(s) in the above-referenced case, up to and including **December 6, 2020**.

Further, it is Defendant's understanding that Plaintiff has sought leave to file his First

Amended Class-Action Petition with the Court in order to add three Defendants.

Respectfully submitted,

McCARTHY, LEONARD, & KAEMMERER, L.C.

BY:    /s/ Brian E. McGovern
       Brian E. McGovern, #34677
       bmcgovern@mlklaw.com
       Ryan O. Corrigan, #70925
       rcorrigan@mlklaw.com
       825 Maryville Centre Drive, Suite 300
       Town and Country, MO 63017
       314.392.5200
       314.392.5221 (fax)
       *Attorneys for Defendant*

Electronically Filed - St Louis County - November 06, 2020 - 01:15 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 6th day of November 2020, a copy of the above and foregoing was served to all parties who are properly registered with the Court's electronic case filing system in accordance with the Court's rules.


<u>/s/ Brian E. McGovern</u>



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC04599 | |
|---|---|---|
| Plaintiff/Petitioner:<br>THOMAS J KLUTHO JR | Plaintiff's/Petitioner's Attorney/Address<br>EARL ROBERT SCHULTZ III<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 | **SHERIFF FEE PAID** |
| | vs. | |
| Defendant/Respondent:<br> JK POWERHOUSE LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:  BRAD M SOWERS**<br>**Alias:**<br><br>**2445 TOWN & COUNTRY LANE**<br>**SAINT LOUIS, MO  63131** | |

***COURT SEAL OF***



***ST. LOUIS COUNTY***

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>04-DEC-2020</u>
**Date**
_____ Clerk

**Further Information:**
**GB**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                                                  Date                                        Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 20SL-CC04599 | |
|---|---|---|
| Plaintiff/Petitioner:<br>THOMAS J KLUTHO JR | Plaintiff's/Petitioner's Attorney/Address<br>EARL ROBERT SCHULTZ III<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 | **SHERIFF FEE PAID** |
| vs. | | |
| Defendant/Respondent:<br>JK POWERHOUSE LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | **JIM BUTLER IMPORTS, LLC**<br>**Alias:** |
|---|---|

**SERVE REGISTERED AGENT**
**BRAD M SOWERS**
**759 GROVOIS BLUFFS BLVD**
**FENTON, MO  63026**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

| <u>04-DEC-2020</u> | _____ |
|---|---|
| **Date** | **Clerk** |
| **Further Information:** | |
| **GB** | |

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____

| | Date | Notary Public |

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73